Opper, J., dissenting: As I understand it, the present opinion holds in effect that where the principal purpose of a proceeding deals with the title to property no part of the expenses of litigation may be deducted, but all must be capitalized notwithstanding that the litigation also involves income items and that the attorneys’ fees could be allocated on some basis between the latter and the capital expenditure. The sole authority for this conclusion appears to be Safety Tube Corporation, 8 T. C. 757, affd. (C. A. 6) 168 F. 2d 787. Although Harold K. Hochschild, 7 T. C. 81, reversed other grounds (C. A. 2) 161 F. 2d 817, had already been decided, holding that under circumstances similar to those here an allocation was proper and should be made, the case is not referred to in Safety Tube Corporation, supra, as being overruled. It seems reasonable to assume that it was thought to be distinguishable. On the other hand, as recently as a year ago, the allocation rule of the Hochschild case was followed. Virginia Hansen Vinsent, 18 T. C. 339. We there said (p. 349) : The respondent’s determination involves recognition that the claims of the petitioner included claims which could be satisfied only by a money judgment as, for example, the earnings of the stock while it was held by the defendants, as well as interest, and he has allowed deduction of part of the expenses * * *. The expenditures which are “at least comparable to those required for the collection of income” are deductible under section 23 (a) (2). Harold K. Hochschild, * * * supra. See also Adam, Meldrum & Anderson Co., 19 T. C. 1130. Neither of these cases is mentioned in the present opinion. Yet I am unable to understand how they or the Hochschild case are distinguishable from the present facts. It seems to me highly unfortunate that two lines of cases apparently remain in existence, neither of them expressly repudiated but reaching opposite results as to the pórmissibility of allocation between income and capital items in such cases as this. I would find that a portion of the attorney’s fees was paid for the protection of petitioner’s right to income, as opposed to the defense of title, and that as to this portion the amount is currently deductible. Kern, Arundell, Johnson, and Tietjens, JJ., agree with this dissent.